UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeQUNNE HERRON,

    Petitioner,

v.

                                       Case No. 2:15-cv-13055
                                       Hon. Nancy G. Edmunds

WILLIE SMITH,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD THE CASE IN ABEYANCE [Dkt. 7] AND DENYING RESPONDENT'S MOTION TO DISMISS [Dkt. 10]**

This is a habeas corpus case filed by a Michigan prisoner under 28 U.S.C. §2254. Petitioner DeQunne Herron was convicted in the Oakland Circuit Court of one count of first-degree criminal sexual conduct and one count of assault with intent to do great bodily harm. The petition raises three claims: 1) the trial court failed to properly instruct the jury, 2) Petitioner was denied the effective assistance of trial counsel, and 3) Petitioner was denied the effective assistance of appellate counsel. Before the Court are Petitioner's motion to stay his case so he can exhaust these and other claims, and Respondent's motion to dismiss the petition as being untimely filed. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion. The Court will also deny Respondent's motion to dismiss.

**I. Background**

On March 15, 2012, Petitioner was found guilty by a jury of the offenses indicated above. Petitioner retained an attorney to pursue a direct appeal. See Dkt 13, Exhibit B. His appellate brief, filed by counsel, challenged the jury instructions and the effectiveness of his trial counsel. On

1

August 20, 2013, the Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Herron*, No. 310188 (Mich. Ct. App. 2013).

Petitioner has proffered evidence indicating that his appellate counsel was retained to pursue his appeal to the Michigan Supreme Court, but he failed to do so or to inform Petitioner that the Michigan Court of Appeals affirmed his convictions. See Dkt. 13, Exhibits A and B.

Petitioner attempted to file a pro se delayed application for leave to appeal in the Michigan Supreme Court on July 13, 2015, but it was rejected by the clerk as untimely filed. See Dkt. 11-12.

Petitioner commenced the present federal habeas action on August 7, 2015.

On November 16, 2015, Petitioner filed a motion for relief from judgment in the trial court, raising claims of ineffective assistance of trial and appellate counsel. The trial court denied this motion on December 18, 2015. On January 19, 2016, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, and that appeal is still pending.

## II. Discussion

A. Motion to Dismiss

Respondent asserts that the petition is subject to dismissal because it was filed after expiration of the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner has filed a response to the motion asserting that his petition was untimely filed only because his retained appellate counsel failed to file an appeal in the Michigan Supreme Court and failed to inform him that his appeal had been denied by the Michigan Court of Appeals.

Respondent's motion is properly characterized as one for summary judgment. Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will

construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

"Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Here, direct review concluded 56 days after the Michigan Court of Appeals denied Petitioner's direct appeal. See *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); MICH. CT. R. 7.302(c). The limitations period therefore began running in October of 2013 and expired in October of 2014.

Accordingly, the petition was filed after expiration of the limitations period and is subject

3

to dismissal unless Petitioner demonstrates grounds for equitable tolling. *Holland v. Florida*, 561 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*.

Here, Petitioner points to his appellate counsel's failure to file his appeal in the Michigan Supreme Court and failure to inform him of the Michigan Court of Appeals decision as the extraordinary circumstance entitling him to equitable tolling. Sufficiently egregious misconduct by counsel can justify equitable tolling. See *Spitsyn v. Moore*, 345 F.3d 796, 801–02 (9th Cir. 2003), as amended, (Nov. 3, 2003) (cited approvingly in *Holland*, 130 S. Ct. at 2564); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001) (Petitioner's allegations that his appellate counsel failed to inform him of state appellate court ruling warranted evidentiary hearing on issue of equitable tolling). Petitioner has proffered sufficient evidence that he had retained an attorney who failed to file an appeal in the Michigan Supreme Court and that he was not informed of the Michigan Court of Appeals decision to create a genuine issue of material fact as to whether he is entitled to equitable tolling. Therefore, Respondent's motion to dismiss the petition will be denied.

B. Motion to Stay

Petitioner recognizes that due to the failure to pursue his claims in the Michigan Supreme Court on direct appeal, his claims are not exhausted. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay while he completes presentation of his claims

4

to the state courts in his appeal from his motion for relief from judgment.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would potentially jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In the pending case, Petitioner's unexhausted claims do not appear to be plainly meritless, and he does not appear to be engaged in dilatory litigation tactics. He has alleged good cause for not previously exhausting his new claims because he asserts his appellate counsel was ineffective for failing to file his appeal in the Michigan Supreme Court. The Court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner pursues his state court remedies.

Where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. See *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

This tolling is conditioned upon Petitioner diligently pursuing relief in the state courts by pursuing timely appeals in the state courts, and then returning to federal court within sixty (60) days of completing the exhaustion of his state court post-conviction remedies. See *Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

### III. Order

Accordingly, it is **ORDERED** that Respondent's motion to dismiss [Dkt. 10] is **DENIED**.

It is further **ORDERED** that Petitioner's motion to stay [Dkt. 8] is **GRANTED**. The petition for writ of habeas corpus shall be held in abeyance pending completion of Petitioner's state application for post-conviction review. This tolling is conditioned upon Petitioner re-filing his habeas petition—using the case number already assigned to this case—within sixty (60) days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court

Dated: March 30, 2016

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this order was mailed upon parties/counsel of record on this 30th day of March, 2016 by regular mail and/or ecf.

s/ Carol J. Bethel
Case Manager